FILED
SUPERIOR COURT
OF GUAM

2012 JUN 14 AM 8: 21

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| JENNIFER C. LEON GUERRERO, | ) | DOMESTIC CASE NO. DM0655-02 |
| | ) | |
| Plaintiff, | ) | **DECISION AND ORDER** |
| | ) | (Statement of Objection) |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH C. QUTANO, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter comes before the **HONORABLE VERNON P. PEREZ** on Plaintiff Jennifer C. Leon Guerrero's ("Plaintiff") written objection to the competency of Referee Linda L. Ingles ("Referee Ingles"). Plaintiff is not represented by counsel and is *pro se* for the purpose of this statement of objection. The Court now issues the following Decision and Order denying Plaintiff's statement of objection.

## BACKGROUND

On August 25, 2011, Plaintiff filed a declaration ("Declaration") seeking to disqualify Referee Ingles. Referee Ingles filed an Answer to Statement of Objection ("Answer") on September 6, 2011.

## DISCUSSION

Title 7 GCA § 6105 governs the disqualification of judges. Section 6105(a) provides:

**§ 6105. Grounds of Disqualification.**

(a)     Any judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete

disclosure to all parties in the proceedings of the reasons for disqualification, all parties agree to having the judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

7 GCA § 6105(a) (2012). "As previously stated, Guam courts apply an objective, reasonable person standard in determining whether there is an appearance of bias meriting disqualification." *People of Guam v. Tennessen*, 2010 Guam 12, ¶ 49 (2010). "The Tenth Circuit has held that neither '[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters[,][nor] mere familiarity with the defendant' give rise to disqualification under the federal disqualification statute." *Id.* (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). "[T]he Tenth circuit also rightly observed, a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as does to recuse when the law and facts require.'" *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178-79 (9th Cir. 2005) (quoting *Nichols*, 71 F.3d at 351)).

Plaintiff states Referee Ingles engaged in extrajudicial communications with Defendant's wife and argues that she does not feel Referee Ingles can be fair and impartial. Declaration at 1. She asserts that after the hearing on August 15, 2011, Defendant's wife indicated she was acquainted with Referee Ingles, and that they frequent the same hairdresser. *Id.* Plaintiff also assets that Defendant's wife claimed to have spoken with Referee Ingles regarding DM0655-02. *Id.* Referee Ingles, although not personally served as required by 7 GCA § 6107, submitted the following answer: she is not aware if Defendant's wife patronizes the same hairdresser; she is not acquainted with Defendant's wife; she has not had extra judicial communication with Defendant's wife. Answer at 1. She notes that Plaintiff's request is groundless in law and fact. *Id.* at 2.

This Court notes that Plaintiff's allegations are legally inadequate to convince a reasonable person that personal bias or prejudice exists. Patronizing the same hairdresser does not create bias in the mind of a reasonable person. Furthermore, there is no evidence that Referee Ingles is acquainted with Defendant's wife or has engaged in extrajudicial communications. The facts presented are insufficient to show either actual bias or the appearance of bias.

## CONCLUSION

For the forgoing reasons, Plaintiff has stated no grounds under 7 GCA § 6105 warranting the disqualification of Referee Ingles. Plaintiff's statement of objection is hereby **DENIED**.

**SO ORDERED** this _____ of June 2012.

JUN 1 4 2012

Original Signed By:
HON. VERNON P. PEREZ

**HONORABLE VERNON P. PEREZ**
**JUDGE, SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUN 1 4 2012
_____ 20___
Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

*Leon Guerrero v. Quitano*
Decision and Order (Statement of Objection)
Domestic Case No. DM0655-02          Page 3 of 3